[No. 3312. Decided September 26, 1900.]

CLALLAM COUNTY, *Appellant,* v. MARIA HALL *et al., Respondents.*

COSTS IN CRIMINAL PROSECUTIONS—BOND TO KEEP THE PEACE—
WHEN LIEN ON REAL ESTATE.

Where a defendant who has been required to enter into a recognizance to keep the peace has been ordered to pay the costs of the prosecution, such judgment for costs constitutes a lien on her real estate, under the terms of Bal. Code, § 6687, which provides that "when no order respecting the costs is made by the magistrate, they shall be allowed and paid in the same manner as costs before justices in criminal prosecutions; but in all cases where a person is required to give security for the

peace, * * * the magistrate may further order that the costs of prosecution, or any part thereof, shall be paid by such person, who shall stand committed until such costs are paid," and under §§ 6984 and 6989, which provide that execution may issue for fines and costs adjudged in criminal actions in the same manner as in civil actions, and such judgment shall become a lien upon the real property of the person liable to pay the costs, when such lien is perfected as required by law, since the evident intent of the legislature in providing for the taxation of costs in the discretion of the magistrate was to make the general provisions governing criminal procedure in the taxation and collection of costs and fines apply to proceedings to prevent the commission of crimes.

Appeal from Superior Court, Clallam County.—Hon. JAMES G. McCLINTON, Judge. Reversed.

*George. C. Hatch,* for appellant.

*Trumbull & Trumbull,* for respondents.

The opinion of the court was delivered by

REAVIS, J.—A complaint was filed by Clallam county against respondent Hall on August 15, 1898, under §§ 6680 and 6692, Bal. Code, to require said respondent to enter into a recognizance to keep the peace. The examination was had on September 20, 1898, and the court ordered said respondent to enter into a recognizance for $250 to keep the peace, and further ordered her to pay the costs of the prosecution, taxed at $197.15. On the 26th of August, 1898, respondent Hall was the owner of certain property in Clallam county, and on that date conveyed the same to respondent Breckinridge. The present cause is one in equity brought by the county to set aside such conveyance in aid of an execution issued out of the superior court upon the order to pay costs made by the justice of the peace. The foregoing facts are alleged in the complaint, and it is further alleged that a transcript of the order was filed in the superior court,

and an execution issued thereon against the respondent Hall and return made thereon of no property found in Clallam county belonging to said Hall. The complaint further states that the conveyance from respondent Hall to Breckinridge was voluntary and without consideration, and made to defraud the creditors of Hall, and especially the county. A general demurrer was interposed to the complaint, which was sustained by the superior court.

Section 6687, Bal. Code, provides:

"When no order respecting the costs is made by the magistrate, they shall be allowed and paid in the same manner as costs before justices in criminal prosecutions; but in all cases where a person is required to give security for the peace, or for his good behavior, the magistrate may further order that the costs of prosecution, or any part thereof, shall be paid by such person, who shall stand committed until such costs are paid, or he is otherwise legally discharged."

Under this section, the magistrate ordered respondent Hall to pay the costs of prosecution. Sections 6984 and 6989, Bal. Code, declare that execution may issue for fines and costs and all adjudged costs in criminal actions in the same manner as in civil actions, and such judgment becomes a lien upon the real property of the person liable to pay the costs, when such lien is perfected as required by law. The one question presented is, whether in proceedings to prevent the commission of crime, the order for payment of costs made by the magistrate has the force of the order made in criminal prosecutions. Section 6687, *supra,* is first found in the Laws of 1854, p. 105. It is found in the statute entitled, "An act to regulate the practice and pleadings in prosecutions for crimes," and under the subdivision of "proceedings to prevent the commission of crimes." It would seem that the direction made in § 6687 that, "When no order respecting the

costs is made by the magistrate, they shall be allowed and paid in the same manner as costs before justices in criminal prosecutions," taken in connection with the fact that the proceeding to prevent the commission of crimes is in itself an inquest in the nature of a criminal proceeding, would make the general provisions of our criminal procedure in relation to the taxation and collection of costs and fines apply to the proceedings under consideration here. Sections 6766 and 6767 provide for an appeal from the order requiring a recognizance, and also the taxation of costs, and a review with power in the appellate court to tax the costs of prosecution as it may deem just and reasonable. It is not a sufficient objection to the power to issue an execution under § 6687, that it is there provided that the defendant shall stand committed until the costs are paid, as it has been observed that the general statutes relative to the collection of fines and costs are applicable to this proceeding. The legislature seems to have regarded the proceeding as sufficiently punitive in its nature to provide for the taxation of costs in the discretion of the magistrate. No objection to the validity of the statute has been suggested here.

From these considerations, it appears that the complaint stated a cause of action. The cause is therefore reversed, with directions to the superior court to overrule the demurrer to the complaint.

DUNBAR, C. J., and FULLERTON and ANDERS, JJ., concur.